## PROMISSORY NOTE

$3,565,000.00 (US)                                Dallas, Texas
                                                  Date: as of June 13, 2008

1.  **BORROWER'S PROMISE TO PAY**

    The Lender has loaned me THREE MILLION FIVE HUNDRED SIXTY FIVE THOUSAND AND NO/100 DOLLARS ($3,565,000.00). In return for the loan that I have received, I promise to pay $3,565,000.00 (this amount will be called "Principal"), plus interest, to the order of the Lender. The Lender is COMPASS BANK, a national banking association, herein referred to as Lender. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note holder."

2.  **INTEREST**

    I will pay interest at a rate of the "prime rate" plus .75% per year, which interest shall accrue from the date of this Note. The term "prime rate" is defined as the prime rate (or base rate) reported in the Money Rates column or section of The Wall Street Journal on the date of execution of this Note, as being the base rate on corporate loans at large U.S. money center commercial banks (whether or not that rate has been charged by any bank). If The Wall Street Journal ceases publication of the prime rate, Prime Rate shall mean the highest rate charged by Bank of America (or its successor) on short term unsecured loans to its most creditworthy large corporate borrowers. If The Wall Street Journal (i) publishes more than one prime rate or base rate, the higher or highest of the rates shall apply, or (ii) publishes a retraction or correction of that rate, the rate reported in that retraction or correction shall apply. Interest will be charged beginning on June 13, 2008 until the full amount of Principal has been paid.

3.  **PAYMENTS**

    I will make consecutive monthly payments of interest only.

    I will pay the entire Principal on or before June 13, 2010, together with any unpaid interest, which is two years from the date hereof.

    I will make my monthly payments on the 13th day of each month beginning on July 13, 2008.

679080_2/9187-1                        —1—



I will make my monthly payments directly to Lender at 8080 N. Central Expressway, Suite 400, Dallas, Texas 75206 , or at a different place if required by the Lender. Each of my monthly payments will be applied first to pay late charges, prepayment charges or other charges I may owe, then to pay any advances the Lender may have made under the Mortgage described below, then to pay the interest then owing on the principal and the balance shall be applied to reduce the amount of principal that I owe under this Note.

4. DEFAULT

I will be in default if:

(a) I do not make the payment within 10 days of the due date;

(b) be adjudicated insolvent or bankrupt pursuant to the federal bankruptcy law or similar federal or state law, if not discharged, stayed or dismissed within 90 days;; or

(c) I break any material promise I have made in this Note or in any other written agreement I have with the Note holder in connection with this loan.

If I am in default, the Note holder may require me to immediately pay the full amount due on the Note and all the interest that I owe on that amount, after written notice and the expiration of all cure periods.

Even if, at a time when I am in default, the Note holder does not require me to immediately pay in full, as described above, the Note holder will still have the right to do so if, at a later time, I am in default again.

5. LATE CHARGE

If any payment is more than 10 days late, I will pay a late charge of an amount equal to five percent (5%) of the current installment due, for each late payment.

6. COLLECTION COSTS

I agree that if I am in default under this Note and the Note holder demands payment, I will pay the Note holder's reasonable collection costs. If the Note holder brings a lawsuit to collect, I will pay all reasonable attorneys' fees and court costs allowed by law.

7. BORROWER'S RIGHT TO MAKE PREPAYMENTS

I have the right to make payments on the outstanding principal amount before they are due. Any payment made before it is due is known as a "prepayment." A

prepayment of only part of the outstanding principal amount is known as a "partial prepayment."

If I make a partial prepayment, the amount of my subsequent monthly payments will be reduced so that I am paying interest on the unpaid portion of the Principal only.

8. BORROWER'S WAIVERS

I waive my rights to require the Note holder to: (a) demand payment of amounts due (known as "presentment"); (b) give notice that amounts due have not been paid (known as "notice of dishonor"); and (c) obtain an official certification of nonpayment (known as "protest"). Anyone else who (i) agrees to keep the promises made in this Note, (ii) agrees to make payments to the Note holder if I fail to keep my promises under this Note, or (iii) signs this Note to transfer to someone else (known as a "guarantor, surety, and endorser") also waives these rights.

9. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it addressed to me at the address below. A notice will be delivered or mailed to me at a different address if I give the Note holder a notice of my different address.

Any notice that must be given to the Note holder under this Note will be given by mailing it to the Note holder at 8080 N. Central Expressway, Suite 400, Dallas, Texas 75206 . A notice will be mailed to the Note holder at a different address if I am given a notice of that different address.

10. HAWAI'I COURTS AND LAW

I hereby agree to attorn to the jurisdiction of the state and federal courts located in the State of Hawai'i, United States of America, and to have this document interpreted according to Hawai'i State law. I agree to be bound by any decision of such courts, including without limitation any money judgment, and agree that any judgment shall be enforceable against me in any nation in the world.

11. THIS NOTE COVERED BY A MORTGAGE

A Mortgage, dated as of June 13, 2008 protects the Lender from possible losses which might result if I do not keep the promises which I make in this Note. The Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. My interest in Apt. No. 8 of the Maluhia at Wailea condominium project, TMK No. (2) 2-1-008-062; CPR No. 8, is covered by the Mortgage.

12. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 6 above) is also obligated to do these things. The Lender may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 6 above) is also obligated to keep all of the promises made in this Note.

13. **COPY RECEIVED**

I have received a filled-in copy of this Note.

        MALUHIA EIGHT, LLC
        a Delaware limited liability company
        By:    PRM Management of Illinois, Inc.
        Its:    Manager

By _____
    ROBERT W. HARTE
    Its: President

"Maker"

Mailing Address:    150 North Wacker Drive, Suite 1120
                              Chicago, Illinois 60606

With a copy to:     Derrick J. Hoffman
                              PRM Realty Group, LLC
                              150 North Wacker Drive, Suite 1120
                              Chicago, IL 60606

STATE OF _Illinois_ )
) SS:
COUNTY OF _Cook_ )

On this _10th_ day of _June_, 2008, before me personally appeared ROBERT W. HARTZ, to me personally known, who being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity.

_Demerette Kee_
Notary Public, in and for said above named
State and County _Illinois, Cook_

_DEMERETTE KEE_
Printed Name of Notary

My commission expires: _11-19-09_