Ira L. Herman
State Bar No. 24063314
Demetra L. Liggins
State Bar No. 24026844
**THOMPSON & KNIGHT LLP**
919 Third Avenue, 39th Floor
New York, New York 10022-3915
Telephone: (212) 751-3001
Facsimile: (212) 751-3113
Email: Ira.Herman@tklaw.com
Email: Demetra.Liggins@tklaw.com

**COUNSEL FOR THE BANK OF NEW YORK
MELLON TRUST COMPANY, N.A.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| **MALUAHIA EIGHT, LLC** | § § | **CASE NO. 10-30986-HDH-11** |
| Debtor. | § § | **Chapter 11** |
| **Compass Bank,** | § § | |
| Movant | § § | **Contested Matter** |
| v. | § § | |
| **MALUHIA EIGHT LLC,** | § § § | |
| Debtor. | § | |

### OBJECTION OF THE BANK OF NEW YORK MELLON
### TRUST COMPANY, N.A. TO MOTION OF
### <u>COMPASS BANK FOR RELIEF FROM AUTOMATIC STAY</u>
[Relates to Docket Nos. 17 and 21]

The Bank of New York Mellon Trust Company, N.A. ("<u>BNYMTC</u>") objects to

the *Motion of Compass Bank for Relief from the Automatic Stay* (the "<u>Motion</u>").

## Summary of Objection

1. BNYMTC objects to the Motion because the value of the collateral indicates that Compass may be adequately protected. Additionally, this bankruptcy case has been pending for less than 45 days and the Debtor should be given sufficient time to propose a sale of the Property and/or plan of reorganization. Accordingly, the automatic stay should remain and the Motion should be denied.

## Factual Background

2. On February 3, 2010 (the "Petition Date"), Maluhia Eight LLC (the "Debtor") commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On February 22, 2010, the Debtor filed its schedules of assets and liabilities (the "Schedules") and its statement of financial affairs (the "SOFAs"). On Schedule A-Real Property, the Debtor listed the property located at 27 Malukai Lane, Maui, HI 96753 (the "Property") with a value of $6,000,000.00, subject to secured claims in the sum of $8,490,456.00.

4. The Debtor is indebted to BNYMTC as evidenced by certain documents (collectively, the "Indebtedness Documents"),[1] which include, without limitation:

(a) that certain Indenture dated as of June 18, 2008 between Maluhia Eight, LLC, as issuer of the Notes, and PRM Realty Group, LLC, as Guarantor, and The Bank of New York Trust Company, N.A., as Trustee regarding $2,435,000 12% Collateralized Profit Participation Debt Securities Due May 31, 2012; and

(b) that certain Second Mortgage, Security Agreement, Assignment of Rents and Leases and Financing Statement dated as of June 18, 2008 executed by Maluhia Eight, LLC, Mortgagor in favor of The Bank of New York Trust Company, N.A., as Mortgagee.

---

[1] Copies of the Indebtedness Documents may be obtained by contacting BNYMTC's counsel.

5. BNYMTC is the holder of the Indebtedness Documents. BNYMTC's claim is secured by a validly perfected second priority security interest and lien in the Property. As of the Petition Date, the BNYMTC claim was approximately $2,579,709.53, consisting of principal in the amount of $2,435,000.00, accrued but unpaid interest in the amount of $144,709.53, plus attorneys' fees and expenses. Interest, costs of collection, attorneys' fees and other fees and costs continue to accrue on the BNYMTC claim pursuant to the provisions of the Indebtedness Documents, except to the extent such amounts may be disallowed by the Bankruptcy Code and other applicable law.

6. The Debtor has no setoffs, counterclaims, defenses, or other causes of action against BNYMTC arising out of the Indebtedness Documents or otherwise.

7. On March 5, 2010, Compass Bank ("Compass") filed the Motion.[2] On March 19, 2010, the Debtor filed its objection (the "Debtor's Objection") to the Motion. In the Motion, Compass contends that it holds a claim in the amount of $3,710,907.72. The Debtor denies this contention,[3] and asserts that the value of the Property provides Compass with an "equity cushion" so that the interests of Compass are adequately protected.[4]

**Argument and Authorities**

**A. Compass is adequately protected by its equity cushion.**

8. The classic test for determining equity under section 362(d)(2) focuses on a comparison between the liens against the Property and the current value of the

---

[2] Motion, ¶ 7
[3] Debtor's Objection, ¶ 7.
[4] Debtor's Objection, ¶11.

Property.[5] On the other hand, claims of junior lienholders are disregarded for "equity cushion" analysis because a secured creditor is entitled to adequate protection only as to its claim and may not claim protection for others.[6]

9. Here, the fair market value of the Property has not been conclusively established. "In every case where a creditor seeks relief under § 362(d)(2), the creditor has the burden to establish lack of equity in the Property."[7] As the movant, Compass has the burden to establish that the Debtor does not have any equity in the Property.[8] Upon information and belief, the value of the Property is between $4 million and $6 million. Consequently, if Compass' claim is allowed in full, BNYMTC's junior lien claim has collateral value.

### B. Debtor should be allowed a reasonable time to reorganize.

10. In the Debtor's objection, it contends that it needs the Property to reorganize.[9] The primary purposes of the automatic stay are to give the Debtor a "breathing spell" from its creditors and to protect creditors by preventing a race for the Debtor's assets.[10] In its Motion, Compass argues that the Debtor's estate constitutes a single asset real estate ("SARE").[11] Assuming this case is SARE, the fact that the Debtor will be unable to reorganize without the Property is undisputed. Consequently, this Court should allow the Debtor a reasonable time to sell the Property and/or propose a plan of reorganization. Having filed this case on February 8, 2010, this case has only been

---

[5] *Sutton v. Bank One Texas, N.A. (In re Sutton)*, 904 F.2d 327, 331 (5th Cir. 1990).
[6] *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 207 (3d Cir. 1995).
[7] *Canal Place, Ltd. P'ship v. Aetna Life Insurance Company (In re Canal Place, Ltd. Partnership)*, 921 F.2d 569, 576 (5th Cir. 1991).
[8] *In re Northwest Timberline Enters., Inc.*, 348 B.R. 412 (Bankr. N.D. 2006).
[9] Debtor's Objection, ¶ 12.
[10] *Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984).
[11] Motion, ¶ 9.

pending for 42 days. As such, Compass' request seems premature and therefore, its Motion should be denied.

### C. BNYMTC has an interest in the Property.

11. Based on the Debtor's valuation of the Property, the Property has value sufficient, if sold, to satisfy Compass and pay BNYMTC a substantial sum for the benefit of note holders who are parties with the economic interests evidenced by the Indebtedness Documents.

12. Additionally, even if this Court terminates the automatic stay and allows Compass to foreclose on the Property, BNYMTC requests that Compass not be allowed to proceed with the foreclosure until adequate written notice can be provided to note holders who are parties with the economic interest evidenced as the Indebtedness Documents to allow them to take steps to protect such interest.

### Prayer

BNYMTC requests that this Court deny the Motion and grant such other and further relief as this Court deems proper, both at law and in equity.

**DATED:** March 22, 2010.

Respectfully submitted,

*/s/ Ira L. Herman*
Ira L .Herman
State Bar No. 24063314
**THOMPSON & KNIGHT LLP**
919 Third Avenue, 39th Floor
New York, New York 10022-3915
Telephone: (212) 751-3001
Facsimile: (212) 751-3113
Email: Ira.Herman@tklaw.com

**OBJECTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. TO
MOTION OF COMPASS BANK FOR RELIEF FROM AUTOMATIC STAY – PAGE 5**
511715 000039 DALLAS 2591539.4

Demetra L. Liggins  
State Bar No. 24026844  
**THOMPSON & KNIGHT LLP**  
333 Clay Street, Suite 3300  
Houston, Texas 77002  
Telephone: 713.654.8111  
Facsimile: 713.654.1872  
E-mail: demetra.liggins@TKlaw.com  

**COUNSEL FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2010, a true and correct copy of the foregoing has been served on all parties entitled to service via this Court's electronic filing system ("ECF") and on all parties on listed below by email and first class mail, postage prepaid.

**Movant's Counsel**
Kenneth Stohner, Jr.
Jeremy S. Mack
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Email: kstohner@jw.com
Email: jmack@jw.com

**Debtor's Counsel**
Gerrit M. Pronske
Melanie P. Goolsby
**PRONSKE & PATEL, P.C.**
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Email: gpronske@pronskepatel.com
Email: mgoolsby@pronskepatel.com

/s/ *Demetra L. Liggins*
   One of Counsel