Ira L. Herman
State Bar No. 24063314
Demetra L. Liggins
State Bar No. 24026844
**THOMPSON & KNIGHT LLP**
919 Third Avenue, 39th Floor
New York, New York 10022-3915
Telephone: (212) 751-3001
Facsimile: (212) 751-3113
Email: Ira.Herman@tklaw.com
Email: Demetra.Liggins@tklaw.com

**COUNSEL FOR THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MALUHIA EIGHT, LLC** | § | CASE NO. 10-30986-HDH-11 |
| | § | |
| Debtor. | § | **Chapter 11** |
| | § | |
| **Compass Bank,** | § | |
| | § | |
| Movant | § | **Contested Matter** |
| | § | |
| v. | § | |
| | § | |
| **MALUHIA EIGHT LLC,** | § | |
| | § | |
| Debtor. | § | |

**DECLARATION OF DONNA J. PARISI IN SUPPORT OF OBJECTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. TO MOTION OF COMPASS BANK FOR RELIEF FROM AUTOMATIC STAY**
[Relates to Docket No. 23]

Pursuant to 28 U.S.C. §1746, Donna J. Parisi declares as follows:

1. My name is Donna J. Parisi. My business address and telephone number are as follows: 6525 West Campus Oval Suite 200, New Albany, Ohio, 43054; Telephone: (614) 775-5279.

2. I assembled this Declaration based on my personal knowledge of the following facts in support of the Objection of The Bank of New York Mellon Trust Company, N.A. to the Motion of Compass Bank for Relief from the Automatic Stay. To the best of my knowledge and recollection, all statements are true and correct.

3. I am a Vice-President with The Bank of New York Mellon Trust Company, N.A. ("BNYMTC") in the Default Administration Group. I have been in the banking industry for approximately thirty-five years.

4. In this capacity, I am familiar with and have had the opportunity to review the file that BNYMTC maintains for Maluhia Eight, LLC ("Maluhia" or the "Debtor") and PRM Realty Group, LLC, including the Indebtedness Documents (as defined below), and other related documents. The records from which this information was obtained are kept by BNYMTC in the regular course of business. BNYMTC's regular course of business is for an employee or representative of BNYMTC with knowledge of the act, event, condition, or opinion recorded, to make a record or to transmit information thereto to be included in such records; and a record is made at or near the time or recently soon thereafter.

5. According to BNYMTC's records, Maluhia executed the Indebtedness Documents in favor of BNYMTC in connection with the issuance of private placement

notes. As such, the Debtor is indebted to BNYMTC as evidenced by certain documents (collectively, the "Indebtedness Documents"),[1] which include, without limitation:

    (a) that certain Indenture dated as of June 18, 2008 between Maluhia Eight, LLC, as issuer of the Notes, and PRM Realty Group, LLC, as Guarantor, and The Bank of New York Trust Company, N.A., as Trustee regarding $2,435,000 12% Collateralized Profit Participation Debt Securities Due May 31, 2012 attached as **Exhibit A**; and

    (b) that certain Second Mortgage, Security Agreement, Assignment of Rents and Leases and Financing Statement dated as of June 18, 2008 executed by Maluhia Eight, LLC, Mortgagor in favor of The Bank of New York Trust Company, N.A., as Mortgagee attached as **Exhibit B**.

6. BNYMTC is the holder of the Indebtedness Documents. BNYMTC's claim is secured by a validly perfected second priority security interest and lien in the Property. As of the Petition Date, the BNYMTC claim was approximately $2,579,709.53, consisting of $2,435,000.00 in principal, $144,709.53 in accrued but unpaid interest, plus attorneys' fees and expenses. Interest, costs of collection, attorneys' fees and other fees and costs continue to accrue on BNYMTC's claim pursuant to the provisions of the Indebtedness Documents, except to the extent such amounts may be disallowed by the Bankruptcy Code and other applicable law.

7. The Debtor has no setoffs, counterclaims, defenses, or other causes of action against BNYMTC arising out of the Indebtedness Documents or otherwise.

8. On February 22, 2010, the Debtor filed its schedules of assets and liabilities (the "Schedules") and its statement of financial affairs (the "SOFAs"). On Schedule A-Real Property, the Debtor listed the property located at 27 Malukai Lane, Maui, HI 96753 (the "Property") with a value of $6,000,000.00, subject to secured claims in the sum of $8,490,456.00.

---

[1] Copies of the Indebtedness Documents may be obtained by contacting BNYMTC's counsel.

**DECLARATION OF DONNA J. PARISI IN SUPPORT OF OBJECTION OF**
**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.**
**TO MOTION OF COMPASS BANK FOR RELIEF FROM THE AUTOMATIC STAY – PAGE 3**
511715 000039 DALLAS 2593718.1

9. On March 5, 2010, Compass Bank ("Compass") filed its Motion for Relief from Automatic Stay (the "Motion"). On March 19, 2010, the Debtor filed its objection (the "Debtor's Objection") to the Motion. In the Motion, Compass contends that it holds a claim in the amount of $3,710,907.72.

10. The fair market value of the Property has not been conclusively established. Upon information and belief, the value of the Property is between $4 million and $6 million. Based on the this value range, the Property has value sufficient, if sold, to satisfy Compass and pay BNYMTC a substantial sum for the benefit of note holders (the "Note Holders") who are parties with the economic interests evidenced by the Indebtedness Documents.

11. Additionally, even if this Court terminates the automatic stay and allows Compass to foreclose on the Property, BNYMTC will need sufficient time to provide adequate written notice to the Note Holders.

I have reviewed this Declaration and hereby declare under penalty of perjury that the foregoing is true and correct and within my personal knowledge.

**Executed this 29th day of March, 2010.**

_____
DONNA J. PARISI
VICE PRESIDENT